UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re: : Chapter 11
:
VERTIS HOLDINGS, INC., *et al.*, : Case No. 10-16170 (ALG)
:
Debtors. : (Jointly Administered)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER (A) SCHEDULING COMBINED HEARING ON ADEQUACY OF DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN, (B) APPROVING FORM AND MANNER OF NOTICE OF COMBINED HEARING, (C) ESTABLISHING PROCEDURES FOR OBJECTING TO DISCLOSURE STATEMENT AND PLAN, AND (D) AUTHORIZING EMPLOYMENT OF VOTING, TABULATION AND SUBSCRIPTION AGENT**

Upon the motion (the "Motion") of the Debtors[1] pursuant to sections 105(a), 341, 1126 and 1129 of the Bankruptcy Code, Rules 2002, 3017, 3018 and 3020 of the Bankruptcy Rules, and the Guidelines for entry of (i) an order (the "Scheduling Order") (a) scheduling a combined hearing on the adequacy of the Debtors' Disclosure Statement, approval of the Solicitation Procedures, and confirmation of the Plan (the "Combined Hearing"), (b) approving the form and manner of the Combined Notice, (c) approving the procedures for objecting to the adequacy of the Disclosure Statement, approval of the Solicitation Procedures, and confirmation of the Plan, and (d) granting other related relief; and (ii) an order (the "Confirmation Order") (a) approving the Solicitation Procedures, (b) approving the adequacy of the Disclosure Statement and (c) confirming the Plan; upon the First-Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that

---

[1] Capitalized terms used but not defined herein shall have the same meaning ascribed to them in the Motion. The Debtors in these cases, along with the last four (4) digits of each Debtor's federal tax identification number, are Vertis Holdings, Inc. (1556); Vertis, Inc. (8322); ACG Holdings, Inc. (5968); Webcraft, LLC (6725); American Color Graphics, Inc. (3976); and Webcraft Chemicals, LLC (6726).

no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefore; it is hereby,

**ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is GRANTED as set forth in this Scheduling Order.

2. The Combined Hearing (at which time the Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Pan), will be held before the Honorable Allan L. Gropper, United States Bankruptcy Judge, in courtroom 617 of the United States Bankruptcy Court, One Bowling Green, New York, NY 10004, on December 16, 2010 at 11:00 a.m. (New York City time). The Combined Hearing may be continued from time to time by the Court without further notice.

3. Any objections to the approval of the Disclosure Statement, adequacy of the Disclosure Statement, or confirmation of the Plan must be filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York, together with proof of service thereof, and served by personal service or by overnight delivery, so as to be ACTUALLY received no later than 4:00 p.m. (New York City time) on December 10, 2010 (the "Objection Deadline") by (i) the Debtors, Vertis, Inc., 250 West Pratt Street, Baltimore, Maryland 21201, Attn: Chief Legal Officer; (ii) counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Attn: Mark A. McDermott, Esq. and Kenneth S. Ziman, Esq.; (iii) the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Andrea B. Schwartz, Esq.; (iv) the parties listed in the consolidated list of twenty (20) largest unsecured creditors filed by the Debtors in these bankruptcy cases, or if any official committee of unsecured creditors has been appointed, counsel

to such committee; (v) counsel to any other official committee appointed in these bankruptcy cases; (vi) counsel to General Electric Capital Corporation, the agent for the Prepetition Revolving Credit Facility and the proposed DIP lender, Winston & Strawn LLP, 200 Park Avenue, New York, New York 10166, Attn: Brian Swett and William D. Brewer; (vii) counsel to Ableco Finance LLC, the agent for the Prepetition Term Loan Facility, Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Attn: Adam C. Harris; (viii) counsel to Avenue Investments, L.P., Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: Ira S. Dizengoff; and (ix) counsel to the second lien lender group, Bracewell & Giuliani LLP, 1251 Avenue of the Americas, 49th Floor, New York, New York 10020, Attn: Kurt Mayr and Kristen V. Campana; and (viii) counsel to any official committee(s) appointed in these cases.

4. In addition, any objections to the Solicitation Procedures, Disclosure Statement, or confirmation of the Plan must:

(a) be in writing;

(b) comply with the Bankruptcy Rules, the Local Bankruptcy Rules, and other case management rules and orders of this Court;

(c) state the name and address of the objecting party, and the nature and amount of any claim or interest asserted by the objecting party against the estate or property of the Debtors; and

(d) state with particularity the legal and factual basis for such objection.

5. Any objections not timely filed and served in the manner set forth in this Scheduling Order may not be considered and may be overruled.

6. The form of Combined Notice is APPROVED, and the Debtors shall mail or cause to be mailed a copy of the Combined Notice, in substantially the form attached hereto as

Exhibit A, one business day after the entry of this Scheduling Order upon all of the Debtors' creditors and equity security holders of record.

7. The Debtors shall publish a notice substantially similar to the Combined Notice in The Wall Street Journal (global edition) and any other publications the Debtors deem necessary.

8. The notice procedures set forth above constitute good and sufficient notice of the Combined Hearing and the commencement of the chapter 11 cases and the deadline and procedures for objecting to the approval of the Solicitation Procedures, the adequacy of the Disclosure Statement, and confirmation of the Plan, and no other or further notice shall be necessary.

9. The date for determining which creditors and equity security holders of record are entitled to receive the Combined Notice is November 17, 2010.

10. The Debtors are authorized to employ and retain Kurtzman Carson Consultants LLC ("KCC") as the Debtors' voting, tabulation and subscription agent pursuant to Bankruptcy Code section 327(a), and specific reference is made to the declaration of disinterestedness filed by KCC in connection with the Debtors' Application For Order Under 28 U.S.C. § 156(C), 11 U.S.C. § 503(B), Fed. R. Bankr. P. 2002 And S.D.N.Y. LBR 5075-1 (I) Approving Agreement With Kurtzman Carson Consultants LLC And (II) Authorizing The Retention And Appointment Of Kurtzman Carson Consultants LLC As Notice And Claims Agent (Docket No. 5) (the "KCC Application"). KCC is authorized to provide the Debtors with voting, tabulation and subscription services (the "Plan-Related Services") in accordance with the terms and conditions set forth herein and in the Agreement (as defined in the KCC Application, and as may be modified by any order granting the KCC Application). Any other services to be

provided by KCC to the Debtors other than the Plan-Related Services shall be pursuant to separate order of the Court.

11. If at any time prior to the confirmation of the Plan KCC increase the rates for its Plan-Related Services other than what is set forth in the Agreement, KCC will file a supplemental affidavit with the Court describing such increases and provide notice of such increases to the U.S. Trustee and all parties in interest.

12. KCC shall be compensated in accordance with and shall file a final fee application for allowance of its compensation and expenses incurred for Plan-Related Services and shall be subject to sections 330 of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated November 25, 2009 and the United States Trustee Fee Guidelines.

13. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Scheduling Order.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this order.

Dated: New York, New York
      November 23, 2010

                                    */s/ Allan L. Gropper*
                                    UNITED STATES BANKRUPTCY JUDGE