```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x    NOT FOR PUBLICATION
                                                                    :
In re:                                                              :    Chapter 11
                                                                    :
VERTIS HOLDINGS, INC., et al.,                                      :    Case No. 10-16170 (ALG)
                                                                    :
Reorganized Debtors                                                 :    (Jointly Administered)
                                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

## MEMORANDUM OF DECISION

A P P E A R A N C E S:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
*Counsel for Reorganized Debtors*
4 Times Square
New York, NY 10036
  By:  Mark A. McDermott
        Kenneth S. Ziman
        David E. Schwartz

FRIEDMAN KAPLAN SEILER & ADELMAN LLP
*Counsel for Quincy L. Allen*
7 Times Square
New York, NY 10036
  By:  William P. Weintraub
        Eamonn O'Hagan

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

### Introduction

      Before the Court is the objection of Vertis Holdings, Inc. (together with certain affiliates, "Vertis") to the claims of its former Chief Executive Officer, Quincy L. Allen. Vertis seeks to disallow Allen's claims for severance pay to the extent Allen refuses to sign a release provided for in his employment agreement. For the reasons set forth below, Vertis's claim objection will be sustained.

1

**Background**

The following facts are taken from the parties' papers and the docket in this case and are not in dispute.

The reorganized debtor Vertis is a provider of advertising services in a variety of print media, including newspaper inserts such as magazines and supplements. Quincy Allen served as Chief Executive Officer of Vertis pursuant to an employment agreement, dated March 13, 2009 (the "Employment Agreement," attached as Exhibit D to Reorganized Debtors' Omnibus Objection to the Claims of Quincy L. Allen (the "Claim Objection"), Dkt. No. 205). Section 5 of the Employment Agreement governs Allen's entitlement to certain severance payments from Vertis in the event that his employment is terminated without cause. It provides that,

> [a]s a condition of the Executive's right to receive the [severance] payments . . . , the Executive shall deliver to [Vertis] a full and complete release (and such release shall become effective prior to the date of any such payments) of all claims or causes of action the Executive may have in respect of the Executive's employment by [Vertis], substantially in the form attached hereto as Exhibit B.[1] . . . In the event the Executive fails to deliver (or revokes) the release, the Executive shall not be entitled to any of the payments or benefits described [herein].

Employment Agreement, § 5(e) – (f).

Approximately a year and a half after the Employment Agreement was executed, Vertis filed for chapter 11. Vertis's plan of reorganization, which was confirmed by the court on December 16, 2010, rejected the Employment Agreement. *See* 11 U.S.C. § 365(a). Allen subsequently filed four proofs of claim for severance pay under section 5 of the Employment

---

[1] The "Form of Release" found in Exhibit B to the Employment Agreement provides, "This General Release of Claims shall apply to any Claim of any type, including, without limitation, any and all Claims of any type that Executive may have arising under the common law, under . . . any other federal, state or local statutes, regulations, ordinances or common law, or under any policy, agreement, contract, understanding or promise, written or oral, formal or informal, between [Vertis] and Executive, including but not limited to the Employment Agreement . . . and shall further apply, without limitation, to any and all Claims in connection with, related to or arising out of Executive's employment relationship, or the termination of his employment, with [Vertis]." Claim Objection, Exhibit D, at Sub-Exhibit B, § 1(a).

2

Agreement, each seeking $5.75 million (Claim Nos. 57, 58, 70, and 71, the "Allen Claims"). The Allen Claims also purport to reserve Allen's rights to recover from Vertis on "additional and alternative claims" arising from Vertis's "actual and/or constructive termination of [his] employment prior to the purported rejection of the Employment Agreement." Claim Objection, Exhibits A1, A2, A3, and A4. In Allen's view, these alleged claims presumably would be deemed not to arise under the Employment Agreement.

Both parties now concede that the Allen Claims under the Employment Agreement are capped at $1.1 million pursuant to 11 U.S.C. § 502(b)(7). Vertis objects to the claims, however, on the ground that Allen is not entitled to severance pay unless he signs a release of any additional employment-related claims he may have against Vertis. In response, Allen asserts that because Vertis rejected the Employment Agreement, he is entitled to payment of his capped rejection damages Claim without releasing other unspecified claims against Vertis. The matter is now fully briefed and has been submitted for decision.

## Discussion

Vertis's objection is well-founded. Because Allen's execution of a release is a condition precedent to Vertis's obligation to pay severance under the Employment Agreement, Allen is not entitled to rejection damages without signing the release.

Bankruptcy Code § 502(b)(7) generally limits a terminated employee's claim for damages under an employment contract to no more than one year's future compensation plus past due compensation. *See* 11 U.S.C. § 502(b)(7); *In re Dornier Aviation (N. Am.), Inc.*, 305 B.R. 650, 654 (E.D. Va. 2004). Section 502(b)(7)'s cap on damages applies to "*all* employment contract termination claims, regardless of whether: (1) the claim has been reduced to judgment; (2) there is any connection between the employee's termination and the debtor's financial problems; and

3

(3) a number of years has passed between the employee's termination and the debtor's filing of the bankruptcy petition." *Anthony v. Interform Corp.*, 96 F.3d 692, 697 (3d Cir. 1996).

Significantly, § 502(b)(7) itself does not create any right to damages for a terminated employee; it only limits the amount the employee would otherwise be entitled to recover under his employment contract pursuant to applicable state law. *See In re Malden Mills Indus.*, 302 B.R. 408, 411 (Bankr. D. Mass. 2003) (noting that once damages under the employment contract are calculated, the next step under § 502(b)(7) is determination of the capped amount); *cf. Butner v. United States,* 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law. . . . [u]nless some federal interest requires a different result"). Because entitlement to damages always hinges as an initial matter on the terms of the contract, an employee's failure to perform a condition precedent to receiving damages under an employment contract, such as executing a general waiver of any additional claims against the employer, can vitiate any rejection damages claim asserted in the bankruptcy case.[2] In *In re Ideal Electrical Supply Corp.*, for example, the Court found that a former employee of the debtor could not pursue a rejection damages claim because he "did not meet the condition precedent to receiving severance pay" by failing to execute a release. No. 09-01084, 2010 WL 5256517, at *1 (Bankr. D.D.C. Dec. 16, 2010).

Similarly, courts deciding claims for severance pay outside of the rejection damages context have found execution of a release to be a condition precedent to receiving severance where the relevant employment contract so provided. *See, e.g., Dornier Aviation*, 305 B.R. at 650 (affirming bankruptcy court's decision requiring executives to sign a general release of claims as a condition to receipt of severance claim capped by section 502(b)(7)); *In re Protarga,*

---

[2] A condition precedent in a contract is "an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises." *MHR Capital Partners LP v. Presstek, Inc.*, 12 N.Y.3d 640, 645, 912 N.E.2d 43, 884 N.Y.S.2d 211 (2009).

4

*Inc.*, 329 B.R. 451, 474 (Bankr. D. Del. 2005) (finding that a debtor's obligation to pay severance to its former executive was conditioned on his execution of a release).

In this case, Allen's right to receive severance pay is subject to a condition precedent – that Allen first sign the required release. The Employment Agreement clearly provides that the release is a "condition of the Executive's right to receive the payments" and that if Allen does not provide the release, he will "not be entitled to any of the payments." Employment Agreement, § 5(e) – (f). Thus, Allen may not obtain any severance pay under the Employment Agreement without satisfying its condition precedent for obtaining such pay. *Cf. Ideal Electrical*, 2010 WL 525617 at *1 ("[Claimant] failed to execute the release. Accordingly, he was, and remains, not entitled to receive severance compensation.").

Allen argues that he is not obligated to sign a release before obtaining severance because rejection of an executory contract relieves a non-debtor counterparty of the obligation of further performance under the contract. Although Vertis's rejection of the Employment Agreement may have relieved Allen of future employment obligations, it did not relieve him of performance of a condition precedent to recovery under the Agreement. It is well accepted that rejection does not change the terms of an agreement or abrogate a condition precedent. *See O'Neill v. Cont'l Airlines, Inc. (In re Cont'l Airlines)*, 981 F.2d 1450, 1459 (5th Cir. 1993) (rejection of an executory contract does not "invalidate the contract, or treat the contract as if it did not exist"); 3 *Collier on Bankruptcy* ¶ 365.10[1] (2011) (rejection constitutes a breach, but "do[es] not affect the parties' substantive rights under the contract or lease, such as the amount owing or a measure of damages for breach . . . ") (footnotes omitted). Thus, Vertis's breach of the agreement by rejecting it in its chapter 11 case did not nullify the condition precedent or excuse Allen from compliance with its provisions.

## **Conclusion**

For the foregoing reasons, Vertis's objection to the Allen Claims is sustained. Vertis's counsel shall settle an order on three days' notice.

Dated: New York, New York
December 21, 2011

                                                  */s/ Allan L. Gropper*
                                                  United States Bankruptcy Judge